## Kramer v. Gordon.

May 13, 1949.

Ben B. Morris for appellant.

M. C. Anderson for appellee.

Opinion of the Court by Judge Rees—Affirming.

Bertha F. Gordon brought this action against T. J. Kramer to recover $2,138, the balance due on a purchase

lien note. In an answer and counterclaim Kramer admitted the execution of the note and the validity of the lien, but alleged that the plaintiff was indebted to him in excess of $2,138 for the value of certain property damaged or wrongfully removed by her from the purchased land. The chancellor dismissed the defendant's counterclaim, entered judgment in favor of the plaintiff for $2,138, and ordered the land sold to satisfy the lien. The defendant has appealed.

On October 8, 1943, Bertha F. Gordon and her husband, C. E. Gordon, sold and conveyed to T. J. Kramer 900 acres of land in Ballard County. The land was described in three tracts. One tract, known as the Schulte tract, contained 337 acres, and was conveyed on March 15, 1940, to Bertha F. Gordon for and during her natural life, remainder to her husband, C. E. Gordon, by the Federal Land Bank of Louisville. The second tract, known as the Frazier tract, contained 155.5 acres, and the third tract, known as the Terrell tract, contained 408 acres. The second and third tracts were owned by appellee's husband, C. E. Gordon. The three tracts adjoined and were conveyed to appellant in one deed. The consideration was $47,750, of which $25,000 was paid in cash to C. E. Gordon. Appellant executed a note to appellee, Bertha F. Gordon, for $22,750, the balance of the purchase price, and a lien was retained on the entire acreage to secure the note. The grantors agreed to deliver possession of the land on or about January 1, 1944, and the note was payable on that date. Appellant paid $20,612 on the note, and Mrs. Gordon released the lien to that extent. Appellant refused to pay the balance of $2,138 because, as he claimed, property of that value which was included in the sale had been removed from the land by appellee and her husband before possession was given. The property which appellant asserted in his counterclaim had been wrongfully removed consisted of 10 hog houses, 1 hay fork, 100 fence posts, 3 rolls of woven wire fence, 1 spool of barbed wire, 30 pieces of metal roofing, 3,000 feet of lumber, and 4,000 tobacco sticks, all of the value of $1,788. He also sought in his counterclaim to recover $500 damages for the loss of the use of this property, and $350 damages to a young growing crop of alfalfa on the land caused by appellee's cattle. The sale of the land to appellant was

negotiated by H. R. Goalder and Joe Page, real estate agents, who had been employed by C. E. Gordon. They testified that they pointed out to appellant the personal property described in his counterclaim, and told him it went with the land. They never saw or talked with Mrs. Gordon, but all of their dealings were with her husband. The evidence shows that all of the personal property in dispute belonged to C. E. Gordon, and all of it except some of the hog houses was located either on the Frazier tract or the Terrell tract when appellant bought the land. The alfalfa which he claims was damaged was located on the Terrell tract. Mr. and Mrs. Gordon lived in a house located on the Frazier tract, and Mr. Gordon owned all of the personal property, including the livestock, and conducted the farming operations. He farmed the three tracts together. Mrs. Gordon testified that the lien note for $22,750 executed to her was for her interest in the land and that she owned no interest in the personal property, and had nothing to do with its removal. She did not employ Goalder and Page to represent her in the negotiations for the sale of the land, but merely agreed with her husband that her interest in the land might be sold if she obtained her price.

There is much discussion in the briefs of the question of agency. It is appellant's theory that C. E. Gordon acted as his wife's agent in the transaction, and that she is bound by any representations made as to the personal property. Conceding that C. E. Gordon was acting as his wife's agent in the sale of her part of the land, certainly he was not her agent as to the personal property in which she had no interest. If there was a breach of the contract, it was by C. E. Gordon as to the property owned by him. Nothing was said concerning the personal property in the deed signed by appellee. There is no proof that she received any part of the consideration for the personal property which belonged to her husband or that any part of its value was included in the note executed to her. Her testimony was to the effect that the $22,750 note was for her interest in the Schulte tract of land, and the $25,000 cash payment to C. E. Gordon was for his interest in the property which included the personal property in dispute if it went with the land. The fact that appellee

made her husband her agent to sell her part of the real estate did not make him her agent for other purposes, and, since there is no proof that she had any knowledge of the alleged agreement as to her husband's personal property, the court correctly adjudged that she was entitled to collect the note in full.

The judgment is affirmed.